UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-CR-20584-RAR-2

**UNITED STATES OF AMERICA**,

v.

**JOSE GONZALEZ**,

    Defendant.
_____/

**ORDER DENYING MOTION FOR SENTENCE REDUCTION**

    In 2007, a jury convicted Jose Gonzalez of six counts in connection with a sting operation related to drug trafficking. Because Mr. Gonzalez had a prior conviction for a state felony drug offense, the Government sought an enhanced penalty. The Court granted that enhancement, and Mr. Gonzalez was sentenced to 300 months' imprisonment.

    After several appeals and habeas petitions, Mr. Gonzalez now moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). That statute allows courts to reduce a defendant's otherwise final sentence if "extraordinary and compelling reasons" warrant the reduction and tasks the United States Sentencing Commission ("Commission") with describing what circumstances are "extraordinary and compelling" through a policy statement. *See* 18 U.S.C. § 994(t).

    Mr. Gonzalez seeks to reduce his sentence pursuant to § 1B1.13(b)(6) of the United States Sentencing Guidelines ("Guidelines"). *See* Motion for Compassionate Release ("Motion"), [ECF No. 306]. Mr. Gonzalez contends that he qualifies for relief under that subsection because he has served at least ten years of his "unusually long" sentence, and because several changes in law create a "gross disparity" between his current sentence and the sentence that would have been imposed if he were sentenced today. In addition, Mr. Gonzalez notes that his conviction for using a firearm in connection with a "crime of violence" pursuant to 18 U.S.C. § 924(c) is invalid,

because the Supreme Court has concluded that an attempted robbery cannot constitute a predicate "crime of violence" for that offense. Mot. at 12 (citing *United States v. Taylor*, 565 U.S. 845, 849 (2022)).

The Court cannot grant Mr. Gonzalez's Motion. As this Court has explained, a district court "cannot apply section 1B1.13(b)(6)," because "the Commission exceeded the scope of its expressly delegated authority to 'describe extraordinary and compelling reasons' for a sentence reduction in promulgating the section." *United States v. Chineag*, 765 F. Supp. 3d 1283, 1294 (S.D. Fla. 2025). Specifically, the Commission cannot allow district courts to consider nonretroactive changes in law as a basis for a sentence reduction, contrary to Mr. Gonzalez's suggestion. Even still, Mr. Gonzalez's argument that *Taylor* warrants relief under § 1B1.13(b)(6) also fails, as the United States Court of Appeals for the Eleventh Circuit has already concluded that Mr. Gonzalez's "valid and invalid predicate offenses were 'inextricably intertwined' and encompassed in a 'tightly bound factual relationship' that prevents him from showing a substantial likelihood that the jury actually relied on an invalid predicate." *Gonzalez v. United States*, 856 F. App'x 801, 803 (11th Cir. 2021) (citing *Granda v. United States*, 990 F.3d 1272, 1291 (11th Cir. 2021)). Because Mr. Gonzalez does not qualify for a sentence reduction, his Motion is **DENIED**.

## BACKGROUND

This case arises out of a sting operation. *See United States v. Gonzalez*, 322 F. App'x 963, 965 (11th Cir. 2009). On July 26, 2007, a grand jury returned an indictment charging Mr. Gonzalez and five co-defendants with: (I) conspiracy to possess with intent to distribute a mixture and substance containing five or more kilograms of cocaine, *see* 21 U.S.C. § 846(b)(1)(A); (II) attempting to possess a mixture and substance containing five or more kilograms of cocaine, *see* 21 U.S.C. § 841(a)(1); (III) conspiracy to commit a Hobbs Act robbery, *see* 18 U.S.C. § 1951(a); (IV) attempt to commit the Hobbs Act robbery alleged in Count III, *see* 18 U.S.C. § 1951(a); (V)

carrying a firearm in relation to the drug trafficking crimes alleged in Counts I and II and the Hobbs Act–related offenses in Counts III and IV, *see* 18 U.S.C. § 924(c)(1)(A); and (VI) possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g)(1). [ECF No. 28].

Mr. Gonzalez and two co-defendants went to trial on September 24, 2007. [ECF No. 118]. Because Mr. Gonzalez had a prior state felony conviction for distribution of marijuana, the Government filed a notice of intent to enhance penalties for violations of 21 U.S.C. § 841 pursuant to 21 U.S.C. § 851. [ECF No. 84].

Mr. Gonzalez was found guilty on all counts. [ECF No. 107]. Following the trial, the Court sentenced him to 240 months' imprisonment on Counts I, II, III, IV, and VI, served concurrently, and 60 months' imprisonment on Count V, served consecutively to all other counts, along with ten years of supervised release. [ECF No. 239].

Mr. Gonzalez appealed, [ECF No. 163], and the Eleventh Circuit affirmed his conviction. *See generally Gonzalez*, 322 F. App'x 963. On April 2, 2010, Mr. Gonzalez filed a habeas petition under 18 U.S.C. § 2255. [ECF No. 238], *Gonzalez v. United States*, No. 10-21048, ECF No. 1 (S.D. Fla. filed Apr. 2, 2010). The district court denied the petition on March 30, 2011. *Id.*, ECF No. 24. Mr. Gonzalez then requested a sentence reduction based on retroactive application of Amendment 782 of the Guidelines on December 16, 2014, [ECF No. 259], and the Court denied that request on June 3, 2015. [ECF No. 270].

On June 24, 2016, Mr. Gonzalez filed two more habeas petitions under 18 U.S.C. § 2255. [ECF Nos. 276, 278]; *Gonzalez v. United States*, No. 16-22588, ECF No. 1 (S.D. Fla. filed June 24, 2016); *Gonzalez v. United States*, No. 16-22783, ECF No. 1 (S.D. Fla. filed June 24, 2016). The Eleventh Circuit denied Mr. Gonzalez's application to file a second or successive § 2255 motion. *Gonzalez*, No. 16-22588, ECF No. 13 (S.D. Fla. filed July 28, 2016).

Following the Supreme Court's ruling in *Davis*, the Eleventh Circuit granted Gonzalez leave to file a second or successive petition under 18 U.S.C. § 2255 on December 3, 2019, [ECF No. 285], but the Court denied that motion. [ECF No. 288]; *Gonzalez v. United States*, No. 19-24983, ECF No. 9 (S.D. Fla. filed July 23, 2020). The Eleventh Circuit granted the Government's motion for summary affirmance on May 18, 2021. *See id.*, ECF No. 14. Though Mr. Gonzalez filed a habeas petition under 28 U.S.C. § 2241, this Court dismissed the petition because it was an unauthorized second or successive petition filed without permission from the Eleventh Circuit. [ECF No. 305].

The instant Motion was filed on April 12, 2024, and is now ripe for review. *See* Gov't's Resp. to Mot., [ECF No. 309].

## **LEGAL STANDARD**

Generally, "[a] 'court may not modify a term of imprisonment once it has been imposed except' in certain circumstances established by statute or rule." *United States v. Handlon*, 97 F.4th 829, 831 (11th Cir. 2024) (quoting 18 U.S.C. § 3582(c)). Under § 3582(c)(1)(A), a district court may consider a defendant's motion for a sentence reduction if he "has fully exhausted" his administrative remedies.[1]  18 U.S.C. § 3582(c)(1)(A).

After this procedural bar has been met, a defendant must bear the burden of showing that he is *eligible* for a sentence reduction. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014). Thus, the defendant must show the Court that he qualifies under either one or a combination of the six factors enumerated in § 1B1.13. Even if one or some combination of the extraordinary and compelling reasons listed above is present, the Court must still determine that early release remains consistent with "the factors set forth in § 3553(a) to the extent that they are applicable"

---

[1] Mr. Gonzalez has exhausted his administrative remedies. Gov't's Resp. at 6; Mot. at 3, 18–19.

before a sentence reduction is proper. *See* 18 U.S.C. § 3582(c)(1)(A). These factors include "the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, protecting the public from the defendant's further crimes, and adequate deterrence." *United States v. Prada*, No. 22-13059, 2024 WL 1298461, at *1 (11th Cir. Mar. 27, 2024) (citing 18 U.S.C. § 3553(a)).

The § 3553(a) inquiry is separate from § 3582(c)(1)(A). *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010) (noting that a court must first determine whether a sentence reduction is consistent with the Commission's policy statements before evaluating whether the reduction is warranted under § 3553(a)). While analyzing eligibility under § 3582(c)(1)(A) requires that courts assess whether a defendant qualifies under the terms of the sentence-reduction statute, § 3553(a) allows courts to determine in their discretion whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) (quoting *Dillon*, 560 U.S. at 826–27); *see also id.* (referring to the § 3582(c)(1)(A) analysis as a question of statutory interpretation that is reviewed *de novo* on appeal, and the § 3553(a) analysis as a discretionary one reviewed for abuse of discretion).

Thus, under § 3582(c)(1)(A), the district court may reduce a movant's term of imprisonment if: (1) there are "extraordinary and compelling reasons" for doing so, (2) the factors listed in § 3553(a) favor doing so, and (3) doing so is consistent with the policy statements in § 1B1.13. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). If the district court finds against the movant on any one of these requirements, it cannot grant relief and need not analyze the other requirements. *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021); *Tinker*, 14 F.4th at 1237–38 (explaining that "nothing on the face of 18 U.S.C. § 3582(c)(1)(A) requires a court to conduct the compassionate-release analysis in any particular order").

## ANALYSIS

Mr. Gonzalez contends that he qualifies for a sentence reduction under § 1B1.13(b)(6). That subsection provides for the following:

> **(6) Unusually Long Sentence.**--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Mr. Gonzalez does not qualify for a sentence reduction under this subsection. To start, this Court has recently concluded that federal district courts cannot apply § 1B1.13(b)(6), because the Commission exceeded its delegated authority in promulgating that Policy Statement. *See Chineag*, 765 F. Supp. 3d at 1293–1306. Mr. Gonzalez notes that the First Step Act of 2018 amended 21 U.S.C. § 841(a)(1) to reduce mandatory minimum sentences for drug offenses, Mot. at 6–7, but § 841(a)(1) is explicitly nonretroactive, and the Sentencing Commission cannot render retroactive what Congress has deemed nonretroactive. *Chineag*, 765 F. Supp. 3d at 1286. The same holds true for Mr. Gonzalez's § 851 enhancement for his qualifying state felony drug offense. While the First Step Act changed the enhancement *prospectively*, it did not extend that grace to individuals who had been subject to an § 851 enhancement prior to the First Step Act's passage. *Id.* at 1289–90.

Even if this Court did not conclude that a nonretroactive change in law can never form the basis for a sentence reduction, Mr. Gonzalez's Motion would still fail. Mr. Gonzalez notes that certain Amendments to the Guidelines would reduce his advisory guidelines range, but neither Amendment negates the Court's conclusion that Mr. Gonzalez does not qualify for a sentence reduction under § 1.B1.13(b)(6). Prior to his sentencing, Mr. Gonzalez was convicted of burglary.

The Government concedes that Mr. Gonzalez "would no longer be a career offender under U.S.S.G. § 4B1.2(a)," because Amendment 798 to the Guidelines removes references to burglary. Gov't's Resp. at 18 n.4. Accordingly, burglary is no longer a "crime of violence" that would qualify for an enhancement under 21 U.S.C. §§ 841(b)(1)(A) and 851, and Mr. Gonzalez's prior conviction for burglary would "no longer support a career offender enhancement." *Id.* (citing U.S.S.G. § 4B1.2(a)(2)). However, Amendment 798 is nonretroactive. Mr. Gonzalez's career offender enhancement, then, cannot be removed. Because Mr. Gonzalez's career offender enhancement still stands, he cannot avail himself of Amendment 782, which retroactively reduces the sentencing guidelines for all controlled substances for non-career offenders. Courts have already rejected Mr. Gonzalez's Motions for Sentence Reduction on this theory before, and the Court sees no reason to depart from their conclusion. *See* [ECF Nos. 259, 270].

Mr. Gonzalez contends that his sentence ought to be reduced because the predicate offense for Count V—carrying a firearm during and in relation to a crime of violence and a drug trafficking crime—is now invalid following the Supreme Court's decision in *United States v. Taylor*. *See* Mot. at 12 (citing 565 U.S. at 845). As Mr. Gonzalez correctly points out, the Eleventh Circuit has held that an attempted Hobbs Act robbery (Count IV) or conspiracy to commit a Hobbs Act robbery (Count IV) is no longer considered a "crime of violence" under § 924(c). *See id.*; *United States v. Solomon*, 136 F.4th 1310, 1318 (11th Cir. 2025) (noting that *Taylor* "held that attempted Hobbs Act robbery is not a predicate crime of violence under § 924(c)(3)(A)'s elements clause"); *Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019) (holding that "conspiracy to commit Hobbs Act robbery does not qualify as a 'crime of violence'" under § 924(c)(3)(A)'s elements clause).

Mr. Gonzalez has raised this issue in a prior § 2255 motion—and a motion for sentence reduction is not the proper procedural vehicle to challenge the validity of one's initially imposed

sentence. *See Chineag*, 765 F. Supp. at 1303. Even still, the Eleventh Circuit has already concluded that Mr. Gonzalez's conviction on Count V did not rest on an invalid predicate offense, because Count V's basis rested on *both* Hobbs Act– *and* drug trafficking–related predicate offenses. As the Eleventh Circuit "noted in [its] decision affirming Gonzalez's convictions, the factual circumstances that gave rise to Gonzalez's convictions arose out of one 'sting' operation where Gonzalez possessed a handgun while conspiring and attempting to rob *a drug stash house*." *Gonzalez*, 856 F. App'x at 803 (citing *Gonzalez*, 322 F. App'x at 965–66) (emphasis added). Though "the jury did not indicate which of the possible predicate offenses it relied on to find Gonzalez guilty of his § 924(c) conviction" when reaching its verdict, the Eleventh Circuit nonetheless concluded that "his valid and invalid predicate offenses were 'inextricably intertwined' and encompassed in a 'tightly bound factual relationship' that prevents him from showing a substantial likelihood that the jury actually relied on an invalid predicate." *Id.* (quoting *Granda*, 990 F.3d at 1291). A jury's failure to indicate which of the possible predicate offenses it relied on to find Mr. Gonzalez guilty of Count V is not an "extraordinary and compelling" reason that would lead the Court to grant a sentence reduction.

Because Mr. Gonzalez has not cleared the § 3582(c)(1)(A)(i) threshold for "extraordinary and compelling reasons" to reduce his sentence, the Court need not analyze the § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A). Only when eligibility for a sentence reduction is established does a court have to determine whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Bryant*, 996 F.3d at 1251 (quoting *Dillon*, 560 U.S. at 826). If the district court finds against the movant on any one of these requirements, it cannot grant relief, and need not analyze the other requirements. *Giron*, 15 F.4th at 1347–48.

## CONCLUSION

Because Mr. Gonzalez has failed to show that he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), his Motion for Compassionate Release, [ECF No. 306], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 7th day of September, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**